**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **VICTOR D. DUNN** | § | |
| | § | |
| **V.** | § | **A-10-CA-430-LY** |
| | § | |
| **METHODIST DALLAS MEDICAL** | § | |
| **CENTER, SURYA LANKA, M.D.,** | § | |
| **AND ROBERT PHELPS, DPM** | § | |
| | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1).  By standing order, the Application has been referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of this Court.

### I.  Application to Proceed *In Forma Pauperis*

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status.  However, before the Court orders that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

### II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ."  "A district court may dismiss under § 1915 for failure to state a claim if

it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

At this juncture, the Court cannot complete the frivolousness review. First, it is unclear from the Complaint whether the Court has jurisdiction over the case. In the civil cover sheet attached to the Complaint, Plaintiff states diversity as the basis for jurisdiction, yet Plaintiff fails to indicate the citizenship of the parties in Item III of the civil cover sheet or in his complaint.[1] Without this information, the Court cannot determine whether it has jurisdiction over the case.

Second, Plaintiff states that he is bringing the case "As Next of Friend of Cliffie Mae Scott," yet Plaintiff does not state his relationship to Cliffie Mae Scott that would allow the Court to determine if he is a proper plaintiff to sue on her behalf.

Because of these deficiencies, the undersigned finds that the Complaint is insufficient to satisfy the Court that Plaintiff's cause of action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, the Court **ORDERS** Plaintiff to file a document entitled "More Definite Statement" with the clerk of the Court, **no later than July 27, 2010.** This statement must include the citizenship of the parties, and an explanation of Plaintiff's relationship to the deceased that would allow him to sue on her behalf.

---

[1]In the complaint, Plaintiff does list addresses for each of the Defendants, and these addresses are located in Dallas, Texas (Defendant Methodist Dallas Medical Center) and Kilgore, Texas (Defendants Surya Lanka, M.D. and Robert Phelps, DPM). Thus, it appears that Defendants may be citizens of Texas, and given the address listed for Plaintiff, it also appears that he may be a citizen of Texas as well.

The Plaintiff is warned that, pursuant to Federal Rule of Civil Procedure 12(e), failure to comply with this Order within the time allotted will result in this Court's recommendation that his cause of action be dismissed.

SIGNED this 1st day of July, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE