IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR D. DUNN | § | |
| | § | |
| V. | § | A-10-CA-430-LY |
| | § | |
| METHODIST DALLAS MEDICAL | § | |
| CENTER, SURYA LANKA, M.D., | § | |
| AND ROBERT PHELPS, DPM | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Victor Dunn's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1). By standing order, the application has been referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of this Court.

**I. BACKGROUND**

On June 14, 2010, Mr. Dunn filed an application to proceed *in forma pauperis* in the above-styled cause. By order dated July 1, 2010, the undersigned granted Mr. Dunn the right to proceed IFP and directed Mr. Dunn to submit additional information so that the Court could perform its frivolousness review under 28 U.S.C. §1915(e)(2). This information was due on July 27, 2010. To date, Mr. Dunn has not complied with this order.[1]

---

[1] On July 26, 2010, Mr. Dunn instead filed a motion to dismiss in which he states that this "court is not a proper court of venue." Clerk's Doc. No. 3. While this pleading was struck for failing to comply with Local and Federal Rules, it shows that Mr. Dunn agrees this case should not proceed in this Court.

## II. FRIVOLOUSNESS REVIEW

Section §1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

As noted in the Court's prior order, it is unclear from the complaint whether the Court has jurisdiction over Mr. Dunn's case. In the civil cover sheet attached to the complaint, Plaintiff states diversity as the basis for jurisdiction, yet Plaintiff fails to indicate the citizenship of the parties in Item III of the civil cover sheet or in his complaint, and all indications suggest that the parties are all citizens of Texas.[2] After being given the opportunity to show this Court has diversity jurisdiction, Plaintiff instead attempted to submit a motion to dismiss, in which he acknowledges that the case should not proceed here. Given this state of affairs, and given the apparent lack of jurisdiction over the case, the undersigned recommends that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2).

## III. RECOMMENDATION

In light of the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** cause number A-10-CA-430-LY pursuant to 28 U.S.C. § 1915(e)(2).

---

[2]For instance, the addresses listed in the complaint for each of the Defendants are located in Texas, as is the address listed for Plaintiff.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE